# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCUS R. WILLIAMS,

        Plaintiff,

   v.

DERRAL G. ADAMS, et al.,

        Defendants.

CASE NO. 1:05-CV-00124-AWI-SMS-P

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND

(Doc. 1)

I.    Screening Order

    A.    Screening Requirement

Plaintiff Marcus R. Williams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 31, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff names Warden Derral G. Adams, Captain T. Wan, Lieutenant D. Snell, B. Kibler, P. Menes, Zimmerman, Associate Warden R. Hansen, J. Burleson, and Director J. Woodford as defendants. Plaintiff is seeking money damages and injunctive relief. Plaintiff alleges his rights have been violated by the denial of rehabilitative programs, adequate outdoor exercise, and access to the law library.

C. Plaintiff's Section 1983 Claims

1. Due Process Claim - Job, Vocational, and Educational Training

Plaintiff alleges that he is being denied the opportunity to participate in job, vocational, and educational assignments. The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prison inmates do not have a constitutional right, grounded in the Due Process Clause itself, to participate in rehabilitative programs. Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985).

To the extent that plaintiff is claiming that the State created a protectable liberty interest by way of mandatory language in prison regulations, plaintiff's claim must fail. The existence of a liberty interest is determined by focusing on the nature of the deprivation. Sandin v. Connor, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from

restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff's inability to participate in these programs, which is the result of his inmate classification, does not rise to the level of "atypical and significant hardship." With respect to plaintiff's allegations that he is unable to earn time credits because he cannot participate in these programs, prisoners have no liberty interest in earning work time credits. Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986).

### 2. Eighth Amendment Claim - Outdoor Exercise

Plaintiff alleges that the denial of outdoor exercise, fresh air, and direct sunshine violates his rights. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted). The temporary denial of outdoor exercise with no medical effects is not a substantial deprivation. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

Plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment. Plaintiff's allegations concerning the length of time spent in cells and lack of exercise are very general and plaintiff is setting forth the allegations on behalf of an inmate population as a whole. As a result, it is not clear what exact conditions plaintiff himself was subjected to. Plaintiff may not litigate this action based on general conditions. Plaintiff must set forth some factual allegations demonstrating that plaintiff himself was subjected to conditions that violate the Constitution. Since deprivation of outdoor exercise is allowable under certain circumstances, general allegations concerning denial of exercise are insufficient to state a claim for relief. Plaintiff must allege sufficient facts to demonstrate that he was denied exercise for a period of time sufficient to raise a constitutional issue.

### 3. Law Library Access Claim

Plaintiff alleges that he has been denied and delayed access to the law library, resulting in the hindrance of his ability to access the courts.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Plaintiff's allegations do not give rise to a claim for relief under section 1983 for denial of access to the courts. Plaintiff has not alleged any facts that suggest he suffered an actual injury as a result of the library deficiencies and/or his inability to physically access the library more than occasionally. Further, the failure of defendant Zimmerman to provide plaintiff with the materials

4

Zimmerman promised would be provided is an insufficient basis upon which to impose liability under section 1983 because the act complained of does not rise to the level of a constitutional violation.

### D. Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

With respect to supervisory personnel such as defendants Adams and Woodford, plaintiff is notified that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:     June 15, 2005**                    **/s/ Sandra M. Snyder**
icido3                                                          UNITED STATES MAGISTRATE JUDGE