# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL G. ADAMS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00124-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 4) |

　　Plaintiff Marcus R. Williams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 31, 2005, plaintiff filed a motion seeking a court order mandating prison officials provide full access to job, educational, and vocational assignments; provide adequate access to the yard; provide regular access to the dining hall; provide meaningful access to the law library; provide justification for the use of corporal punishment; cease subjecting prisoners to disciplinary detention and administrative segregation where the prisoners have not been charged with violating any rules or regulations; provide prisoners with the reasonable opportunity to participate in rehabilitative programs; and provide prisoners a fully functional program without restrictions and restraints.

　　"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the

1  merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395
2  (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a
3  combination of probable success and the possibility of irreparable harm, or (2) that serious questions
4  are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819
5  F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant
6  threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no
7  chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair
8  chance of success of the merits, or questions serious enough to require litigation." Id.

9  A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a
10 threshold and preliminary matter the court must have before it for consideration a "case" or
11 "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or
12 "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F.
13 2d 1159, 1162-63 (9th Cir. 1972). At this juncture, plaintiff has not stated any cognizable claims
14 for relief in this action. In a separate order, the court dismissed plaintiff's complaint, with leave to
15 amend, for failure to state any claims upon which relief may be granted. Thus, at this time, plaintiff
16 is not entitled to any type of preliminary injunction, as the court lacks jurisdiction to issue any such
17 orders.

18 Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
19 preliminary injunctive relief, filed January 31, 2005, be DENIED.

20 These Findings and Recommendations will be submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
22 **days** after being served with these Findings and Recommendations, plaintiff may file written
23 objections with the court. The document should be captioned "Objections to Magistrate Judge's
24 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
25 ///
26 ///
27 ///
28 ///

1 | specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
2 | 1153 (9th Cir. 1991).
3 |
4 | IT IS SO ORDERED.
5 | **Dated:    June 15, 2005**                      /s/ Sandra M. Snyder
  | icido3                                                    UNITED STATES MAGISTRATE JUDGE