UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS, | 1:05-cv-00124-AWI-SMS-P |
|     Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 13) |
| vs. | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF** (Doc. 4) |
| DERRAL G. ADAMS, et al., | |
|     Defendants. | |

    Plaintiff Marcus R. Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On June 16, 2005, the Magistrate Judge filed a Findings and Recommendations herein which was served on Plaintiff and which contained notice to plaintiff that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On July 7, 2005, Plaintiff filed a request for an extension of time to file an amended complaint and objections. On July 22, 2005, the Magistrate Judge granted Plaintiff a thirty day extension of

time to file an objection.[1]  While Plaintiff filed an amended complaint, Plaintiff did not file objections to the Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  As explained by the Magistrate Judge, a court may issue an injunction only "if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*."  <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Before a federal court may exercise personal jurisdiction over a defendant, there must be notice to the defendant, a constitutionally sufficient relationship between the defendant and the forum, and a basis for the defendant's amenability to service of summons. <u>Omni Capital International Ltd. v. Rudolf Wolff & Co., Ltd.</u>, 484 U.S. 97, 104 (1987).  The court has dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915A.  Plaintiff has now filed an amended complaint. Preliminary injunctive relief will only be available if the court finds that Plaintiff's amended complaint contains cognizable claims for relief against the named Defendants and the standard for preliminary injunctive relief has been met.

---

[1] Because the order was incorrectly docketed in part, the docket text does not reflect that the order granted plaintiff an extension of time to file objections, as it should.

1  Accordingly, IT IS HEREBY ORDERED that:
2  1.    The Findings and Recommendations, filed June 16, 2005,
3 is ADOPTED IN FULL; and,
4  2.    Plaintiff's motion for preliminary injunctive relief,
5 filed January 31, 2005, is DENIED.

IT IS SO ORDERED.

**Dated:     September 13, 2005              /s/ Anthony W. Ishii**
0m8i78                              UNITED STATES DISTRICT JUDGE

3