# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS,<br><br>           Plaintiff,<br><br>     v.<br><br>DERRAL G. ADAMS, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:05-CV-00124-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS, WITH PREJUDICE, AND RECOMMENDING PLAINTIFF BE GRANTED ONE FINAL OPPORTUNITY TO AMEND HIS EIGHTH AMENDMENT AND EQUAL PROTECTION CLAIMS<br><br>(Doc. 19) |

I.   Findings and Recommendations Following Screening of Amended Complaint

   A.   Screening Requirement

Plaintiff Marcus R. Williams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 31, 2005. On June 16, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on August 25, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.  Summary of Plaintiff's Amended Complaint

The events at issue in the instant action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names Warden Derral G. Adams, Captain T. Wan, Lieutenant D. Snell, B. Kibler, P. Menes, R. Zimmerman, Associate Warden R. Hansen, J. Burleson, former Director J. Woodford, and Correctional Officer Frayo as defendants. Plaintiff is seeking money damages and declaratory relief. Plaintiff alleges his rights have been violated by the denial of rehabilitative programs, adequate outdoor exercise, and access to the law library.

C. <u>Plaintiff's Section 1983 Claims</u>

    1. <u>Due Process Claim - Job, Vocational, and Educational Training</u>

As in his original complaint, plaintiff, who is serving an indeterminate term of thirty years to life, alleges that he is being denied the opportunity to participate in job, vocational, and educational assignments. The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). Prison inmates do not have a constitutional right, grounded in the Due Process Clause itself, to participate in rehabilitative programs. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530-31 (9th Cir. 1985).

To the extent that plaintiff is claiming that the State created a protectable liberty interest by way of mandatory language in prison regulations, plaintiff's claim must fail. The existence of a liberty interest is determined by focusing on the nature of the deprivation. <u>Sandin v. Connor</u>, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id</u>. at 484.

Plaintiff's inability to participate in these programs, which is the result of his inmate classification, does not rise to the level of "atypical and significant hardship." With respect to plaintiff's allegations that he is unable to earn time credits because he cannot participate in these programs, prisoners have no liberty interest in earning work time credits. <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1094-95 (9th Cir. 1986).

Because plaintiff does not have a protected liberty interest in participating in such programs, he cannot maintain a claim based on the deprivation of a liberty interest without due process of law. The lack of access to desirable programs, understandably frustrating as it may be, is not a situation of atypical and significant hardship such that a liberty interest in participation is created. "[T]he Due Process Clause is not the 'Fairness Clause.'" <u>Nunez v. City of Los Angeles</u>, 147 F.3d 867, 874 (9th Cir. 1998). The court shall recommend that plaintiff's due process claim be dismissed from this action, with prejudice, for failure to state a claim upon which relief may be granted.

///

///

2.      Equal Protection Claim- Job, Vocational, and Educational Training

Plaintiff alleges that his right to equal protection is being violated because prisoners serving indeterminate life terms, such as plaintiff, are passed over for participation in job, vocational, and rehabilitative programs in favor of prisoners serving determinate terms.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Plaintiff's amended complaint sets forth no facts supporting a claim based on violation of the Equal Protection Clause. Plaintiff's allegations do not support a claim that he is being treated differently than other similarly situated inmates. Further, plaintiff's allegations do not link any defendant to an act or omission based on intentional discrimination against plaintiff. Because plaintiff has not been previously given leave to amend this claim, the court shall recommend that plaintiff be granted leave to file a second amended complaint curing the deficiencies in this claim, to the extent the deficiencies are curable.

3.      Eighth Amendment Claim - Outdoor Exercise

Plaintiff alleges the deprivation of adequate outdoor exercise. Plaintiff alleges that between February 2004 and April 2004, he was afforded access to the yard approximately four times, for a total of eight hours during those three months. Plaintiff further alleges that between February 2004 and December 2004, he was given less than ten hours of outdoor exercise time per week and spent an average of twenty-three and a half hours a days in his cell, and that between November 2004 and

June 2005, he was confined to his cell twenty-four hours a day for periods of time lasting between three and six weeks due to excessive, extended lock-downs.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45.

"'[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates.'" Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)). Thus, "[the] deprivation of outdoor exercise [can] constitute cruel and unusual punishment." Allen, 48 F.3d at 1087. While the temporary denial of outdoor exercise with no medical effects is not a substantial deprivation, May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), the deprivation of regular outdoor exercise for the periods complained of in the amended complaint is sufficient to state a claim for relief for violation of the Eighth Amendment analysis. Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (denial of all outdoor exercise for six weeks meets objective Eighth Amendment requirement); Allen, 48 F.3d at 1086-88

5

1  (only forty-five minutes of outdoor exercise per week for six weeks meets objective Eighth
2  Amendment requirement).

3  However, plaintiff must allege some facts linking the defendants named in his amended
4  complaint to the deprivation complained of. Specifically, plaintiff must allege facts which would
5  support a claim that defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health
6  . . . ." Farmer, 511 U.S. at 837. Because section 1983 requires that the existence of a link between
7  a defendant's actions or omissions and the violation complained of, plaintiff may not simply allege
8  that "defendants" violated his rights. In order to proceed in this action on his Eighth Amendment
9  claim, plaintiff must allege some facts identifying which named defendants deprived him of outdoor
10 exercise and how they did so (e.g., describe their specific involvement). The court shall recommend
11 that plaintiff be granted leave to amend this claim.

####         4.    Denial of Access to the Courts Claim

13 In his amended complaint, plaintiff contends, as he did in his original complaint, that the
14 denial of meaningful access to the law library violates his constitutional rights. Plaintiff alleges that
15 the law library books he needed were outdated, unavailable for his use, or missing from the library
16 altogether, and that legal assistance was unavailable. Plaintiff also alleges that on March 23, 2004,
17 he asked defendant Frayo provide him with forms to request material so he could file a complaint
18 with the court and obtain research material for a habeas petition he was working on, but defendant
19 Frayo was "dismissive and unresponsive." (Amend. Comp., court record pg. 17:20.)

20 Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518
21 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate
22 wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.
23 Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate
24 effectively once in court. Id.

25 Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries
26 and legal assistance programs are only the means of ensuring access to the courts. Id. Because
27 inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate
28 cannot establish relevant actual injury by establishing that his prison's law library or legal assistance

program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Plaintiff's allegations do not give rise to a claim for relief under section 1983 for denial of access to the courts. Plaintiff's amended complaint sets forth no facts supporting a claim that he has suffered any actual injury with respect to his ability to access the courts. Plaintiff's allegations establish that the complaint he wished to file was in fact filed on July 6, 2004, and the action remains open and pending in the district court.[1] (Amend Comp., p. 17 of court record, footnote 4.) Thus, to the extent defendant Frayo caused some delay, the delay did not lead to any actual injury.

With respect to conducting research for his habeas petition, plaintiff does not have a right to litigate effectively once in court. The allegation that defendant Frayo delayed plaintiff's efforts to conduct research does not support a claim for relief based on a violation of plaintiff's rights under federal law.

To the extent that plaintiff is attempting to state a claim based on his allegation that the law library was not in compliance with Gilmore v. Lynch, 319 F.Supp. 105 (N.D.Cal. 1970), Gilmore involved a challenge to CDC regulations "restricting access to law books, legal materials, and lay assistance in preparing filings." Gilmore v. People, 220 F.3d 987, 992 (9th Cir. 2000). In 1972, the court approved regulations proposed by CDC offering a more comprehensive list of materials and ordered their adoption. Gilmore v. People, 220 F.3d at 994. In 1997, CDC officials sought to terminate the 1972 order. Id. at 994-95.

Gilmore v. Lynch was decided long before Casey v. Lewis, and the continued viability of the order in Gilmore v. Lynch was one of the issues that was remanded to the district court to consider. Gilmore v. People, 220 F.3d at 1008-10. Regardless, "remedial orders . . . do not create 'rights, privileges or immunities secured by the Constitution and the laws' of the United States." Hart v. Cambra, No. C 96-0924 SI, 1997 WL 564059, *5 (N.D. Cal. Aug. 22, 1997) (quoting Green v. McKaskle, 788 F.2d 1116, 1123-24 (5th Cir. 1986). Thus, plaintiff's allegations that Corcoran is not in compliance with the remedial order in Gilmore v. Lynch does not give rise to a claim for relief

---

[1] The court takes judicial notice of case number 2:04-CV-01343 FCD CMK Williams v. Tristan, pending in the Sacramento Division of the Eastern District of California.

for denial of access to the courts. Any concerns plaintiff has with the prison's failure to comply with <u>Gilmore</u> should be directed to the plaintiffs' counsel in <u>Gilmore</u>.

The court shall recommend that plaintiff's claim based on denial of access to the courts be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

D.      Conclusion

The court finds that plaintiff's amended complaint does not contain any claims upon which relief may be granted under section 1983. For the reasons set forth above, the court recommends that plaintiff be provided with the opportunity to file a second amended complaint curing the deficiencies in his claims based on denial of outdoor exercise and denial of equal protection in relation to his inability to participate in rehabilitative programs.[2]

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Plaintiff's due process and denial of access to the courts claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

2.      Plaintiff be granted leave to file a second amended complaint as to his equal protection and denial of adequate outdoor exercise claims only.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///
///

---

[2] Plaintiff should not file a second amended complaint until Judge Ishii considers this Findings and Recommendations and issues a ruling.

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     June 8, 2006**                               <u>        /s/ Sandra M. Snyder        </u>
icido3                                                                        UNITED STATES MAGISTRATE JUDGE