UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS,<br><br>      Plaintiff,<br><br>vs.<br><br>DERRAL G. ADAMS, et al.,<br><br>      Defendants.<br>_____/ | 1:05-cv-00124-AWI-SMS-P<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 21)<br><br>**ORDER DISMISSING CERTAIN CLAIMS** (Doc. 19)<br><br>**ORDER REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS** |

Plaintiff Marcus R. Williams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On June 9, 2006, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that an objection to the Findings and Recommendations was to be filed within thirty days. After obtaining an extension of time, plaintiff filed an objection to the Magistrate Judge's Findings and Recommendations on July 31, 2006.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  In the objections, Plaintiff asks for an opportunity to file a second amended complaint.  Pursuant to the Findings and Recommendations, this court is granting Plaintiff leave to file a second amended complaint.  As explained in more detail by the Magistrate Judge, leave to amend on the due process claim will not be granted because prisoners do not have a constitutional right, grounded in the Due Process Clause itself, to be incarcerated at a particular correctional facility, to be transferred from one facility to another, to participate in rehabilitative programs, or to a prison job.  <u>See</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976); <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9 (1976); <u>Vignolo v. Miller</u>, 120 F.3d 1075, 1077 (9th Cir. 1997); <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530-31 (9th Cir. 1985).  In addition, prisoners have no liberty interest in earning work time credits.  <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1094-95 (9th Cir. 1986).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed June 9, 2006, are ADOPTED IN FULL;
2. Plaintiff's due process and denial of access to the courts claims are DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted;

3.  Plaintiff shall file a second amended complaint as to his equal protection and denial of adequate outdoor exercise claims **only** within **thirty (30) days** from the date of service of this order; and

4.  If plaintiff's second amended complaint contains any claims other than his equal protection and denial of adequate outdoor exercise claims, it will be stricken from the record.

IT IS SO ORDERED.

**Dated:   September 16, 2006**               /s/ Anthony W. Ishii
0m8i78                                        UNITED STATES DISTRICT JUDGE