# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>DERRAL G. ADAMS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:05-cv-00124-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DECLARATORY RELIEF CLAIM AND CLAIM AGAINST DEFENDANTS PETERS AND WOODFORD<br><br>(Doc. 26) |

I.   <u>Findings and Recommendations Following Screening of Second Amended Complaint</u>

    A.   <u>Procedural History</u>

    Plaintiff Marcus R. Williams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 31, 2005. (Doc. 1.) On June 16, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. (Doc. 12.) Plaintiff filed an amended complaint on August 25, 2005, and on September 18, 2006, the court dismissed plaintiff's due process and denial of access to the courts claims, with prejudice, and granted plaintiff one final opportunity to amend his denial of exercise and equal protection claims. (Docs. 19, 21, 25.) On October 13, 2006, plaintiff filed a second amended complaint setting forth his Eighth Amendment denial of exercise claim. (Doc. 26.)

    B.   <u>Screening Requirement</u>

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

C.   Plaintiff's Claims

The events at issue in the instant action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran ("CSATF"), where plaintiff was incarcerated at the time. Plaintiff names Warden Derral G. Adams, Associate Warden R. Hansen, Captain T. Wan,

2

Lieutenant D. Beeler, Captain J. Peters, and former California Department of Corrections and Rehabilitation ("CDCR") Director J. Woodford as defendants. Plaintiff is seeking money damages and declaratory relief.

Plaintiff alleges that between January 2004 and June 2005, he was denied adequate out-of-cell exercise and confined to his cell for twenty-three and one half to twenty-four hours a day on average, in violation of the Eighth Amendment.

### 1. Claim for Declaratory Relief

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated. Accordingly, a declaration that defendants violated plaintiff's rights is unnecessary.

Further, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Plaintiff is no longer housed at CSATF, where the events at issue in this action allegedly occurred.

For the foregoing reasons, the court recommends that plaintiff's claim for declaratory relief be dismissed from this action.

### 2. Claim for Damages

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.

"'[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates.'" Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)).  Thus, "[the] deprivation of outdoor exercise [can] constitute cruel and unusual punishment." Allen, 48 F.3d at 1087.  While the temporary denial of outdoor exercise with no medical effects is not a substantial deprivation, May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), the deprivation of regular outdoor exercise for the period complained of in the second amended complaint is sufficient to state a claim for relief for violation of the Eighth Amendment analysis. Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (denial of all outdoor exercise for six weeks meets objective Eighth Amendment requirement); Allen, 48 F.3d at 1086-88 (only forty-five minutes of outdoor exercise per week for six weeks meets objective Eighth Amendment requirement).

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint

4

1  is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588
2  F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by
3  some kind of direct, personal participation in the deprivation, but also be setting in motion a series
4  of acts by others which the actor knows or reasonably should know would cause others to inflict the
5  constitutional injury.'" Id. (quoting Johnson at 743-44).

6  Plaintiff was previously given leave to amend this claim to cure the linkage deficiencies.
7  Plaintiff had not alleged facts sufficient to link the violation complained of to any acts or omissions
8  committed by named defendants.  In his second amended complaint, the named defendants were all
9  involved in resolving plaintiff's inmate appeal complaining about the lack of exercise.

10  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive
11  right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v.
12  DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th
13  Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance
14  procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure
15  confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence,
16  it does not give rise to a protected liberty interest requiring the procedural protections envisioned by
17  the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F.
18  Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve
19  as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

20  Under federal notice pleading standards, the court finds that plaintiff's allegations are
21  sufficient to give rise to a claim for relief against defendants Adams, Hansen, Wan, and Beeler.
22  These defendants were employed at the institution in question, looked into the situation complained
23  of, and found that inmates were being provided with adequate exercise, a finding disputed by
24  plaintiff. Given their positions and titles, they arguably had first hand knowledge of the conditions
25  and the authority to correct the conditions. Therefore, accepting as true the allegations of the
26  complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),
27  construing the pleading in the light most favorable to the plaintiff, and resolving all doubts in the
28  ///

plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969), the court recommends that plaintiff's claim against these four individuals be allowed to proceed forward.

However, defendant Peters is or was an Appeals Examiner and defendant Woodford was the former Director of CDCR. Defendant Peter's only involvement was to review the appeal at the third and final level of administrative review on the behalf of defendant Woodford in Sacramento. (Doc. 26, pg. 15.) This is simply an insufficient basis upon which to impose liability under section 1983. The mere fact that defendant Peters considered and rejected plaintiff's appeal on behalf of defendant Woodford does not give rise to a claim for relief, regardless of plaintiff's agreement or disagreement with the decision. The court therefore recommends that plaintiff's claim against defendants Peters and Woodford be dismissed from this action, with prejudice.

D.   <u>Conclusion</u>

The court finds that plaintiff's second amended complaint does not contain any claims upon which relief may be granted under section 1983.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's second amended complaint, filed October 13, 2006, on plaintiff's Eighth Amendment denial of exercise claim against defendants Adams, Hansen, Wan, and Beeler only;

2. Plaintiff's claim for declaratory relief be dismissed; and

3. Plaintiff's Eighth Amendment denial of exercise claim against defendants Peters and Woodford be dismissed, with prejudice; and

4. Defendants Peters and Woodford be dismissed from this action based on plaintiff's failure to state a claim upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 27, 2007**                     /s/ Sandra M. Snyder
icido3                                          UNITED STATES MAGISTRATE JUDGE