# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCUS R. WILLIAMS,

Plaintiff,

v.

DERRAL G. ADAMS, et al.,

Defendants.

/

CASE NO. 1:05-cv-00124-AWI-SMS PC

ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

(Doc. 31)

Plaintiff Marcus R. Williams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 29, 2007, plaintiff filed a motion seeking leave to supplement his complaint. The motion was combined with a complaint setting forth the supplemental claims.[1] Plaintiff is seeking leave to add claims which accrued after he was transferred to California State Prison-Corcoran on June 5, 2005.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion

[1] Because plaintiff improperly combined his motion and proposed complaint, with the motion being set forth on page four, the complaint has the appearance of being filed. That is not the case. The motion is deemed filed and the proposed complaint is deemed lodged. Plaintiff may not evade the Federal Rules of Civil Procedure by improperly combining a motion and a pleading. Fed. R. Civ. P. 15(d) (leave of court is required to supplement a pleading).

requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

Although Federal Rule of Civil Procedure 15(d) provides for the supplementation of pleadings to set "forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented," in light of section 1997e(a), plaintiff may not use Rule 15(d) to add new claims that arose after this suit was filed. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor). Allowing plaintiff to supplement to add the claims he seeks to add would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201. This action was filed on January 31, 2005, and plaintiff may not pursue, in this action, claims based on denial of outdoor exercise which accrued at a different prison after this suit was filed.

For the foregoing reason, plaintiff's motion seeking leave to file a supplemental complaint, filed May 29, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated: May 31, 2007**

**/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE