# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS,<br><br>           Plaintiff,<br><br>    v.<br><br>DERRAL G. ADAMS, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:05-cv-00124-AWI-SMS PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING DECLARATORY RELIEF CLAIM AND DEFENDANTS PETERS AND WOODFORD FROM ACTION<br><br>(Docs. 26 and 27) |

Plaintiff Marcus R. Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On March 28, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on Plaintiff and which contained notice to Plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. After obtaining an extension of time, Plaintiff filed an Objection to the Findings and Recommendations on May 29, 2007.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. The issues raised in Plaintiff's objections have been sufficiently addressed in the Findings and Recommendations. This Court agrees that Plaintiff has not stated a claim against Defendant Peter and Defendant Woodford because the complaint fails to state that Plaintiff's appeal put them on notice of a Constitutional violation and these Defendants had the ability to stop the Constitutional

1

violation.  See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir.1995) (holding that supervisor can violate a prisoner's Eighth Amendment rights by failing to intervene when official acts unconstitutionally if supervisor had ability to intervene).  Given that the complain has already been amended twice and screened by the Magistrate Judge three times, the court declines to allow further amendments.  See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (requiring court to give pro se prison litigants leave to amend at least once if complaint's deficiencies can be cured). To the extent Plaintiff raises entirely new allegations against different guards and a different prison in the objections, Plaintiff is informed that objections to Findings and Recommendations are not the appropriate place to raise new theories of relief.  See  Greenhow v. Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988) (new theory cannot properly be raised in objections to Findings and Recommendations).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed March 28, 2007, is adopted in full;
2. This action shall proceed on plaintiff's second amended complaint, filed October 13, 2006, on plaintiff's Eighth Amendment denial of exercise claim against defendants Adams, Hansen, Wan, and Beeler only;
3. Plaintiff's claim for declaratory relief is dismissed; and
4. Plaintiff's Eighth Amendment denial of exercise claim against defendants Peters and Woodford is dismissed, with prejudice; and
5. Defendants Peters and Woodford are dismissed from this action based on plaintiff's failure to state a claim upon which relief may be granted against them.

IT IS SO ORDERED.

**Dated:   June 2, 2007**                              /s/ Anthony W. Ishii
                                                                    UNITED STATES DISTRICT JUDGE