# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>DERRAL G. ADAMS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-cv-00124-AWI-SMS PC<br><br>ORDER DIRECTING CLERK'S OFFICE TO FILE IN MOTION FOR STATUS CONFERENCE BUT RETURN EXHIBIT III<br><br>ORDER DENYING MOTION FOR STATUS CONFERENCE, AND DIRECTING PLAINTIFF TO CEASE SUBMITTING UNNECESSARY EXHIBITS |

    Plaintiff Marcus R. Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 18, 2008, the Clerk's Office received a motion from Plaintiff accompanied by voluminous exhibits. The motion was sent to the undersigned for a pre-filing review based on the volume of exhibits.

    Plaintiff is seeking a status conference to resolve discovery disputes. Attached to the motion is (1) a joint statement setting forth the disagreement, drafted by Plaintiff but not signed by Defendants, (2) defense counsel's letter to Plaintiff regarding the discovery dispute, and (3) hundreds of pages of documents served on Plaintiff in response to his request for the production of documents.

    The Court will retain Exhibits I and II because they are relevant to Plaintiff's request in as much as they identify the existence of discovery disputes. However, under no circumstance is it necessary for the Court to consider hundreds of pages of produced documents in determining whether a hearing needs to be set. Indeed, it is unlikely the Court would have a need to review the documents even if a motion to compel is filed. The Court's decision would most likely be based

only upon a review of the motion and opposition, the discovery request propounded by Plaintiff, and Defendants' written response to the discovery request.

Exhibit III shall be returned to Plaintiff.  The Court is aware that Plaintiff is submitting voluminous exhibits not out of any ill motive but in an honest effort to fully support his position.  However, it is unnecessary and it constitutes an undue burden on the Court's resources.  **Plaintiff is directed to cease including unnecessarily burdensome exhibits with his filings.**  The Court has no need to see the evidence produced to Plaintiff by Defendants until it is at issue in this action by virtue of a motion for summary judgment or trial.  If Plaintiff files a motion to compel and the Court determines that it is necessary to see a document, the Court will direct Plaintiff to provide it at that time.  Absent such direction, the Court does not want the record further burdened by excessive and unnecessary exhibits.

With respect to Plaintiff's request for a status conference, if there are discovery disputes that cannot be resolved privately between Plaintiff and defense counsel, Plaintiff's recourse is to file a motion to compel.  The Court will not schedule a hearing to resolve a dispute when that dispute has not been properly brought before the Court.  Assuming Plaintiff files a motion to compel, the Court will schedule a hearing if it deems one necessary after reviewing the motion, opposition, and reply.  However, while such hearings are set on occasion, they are the exception rather than the rule.  Local Rule 78-230(m).  In light of the Court's decision on this matter, the Court deems it unnecessary to consider any opposition to the request for a status conference prior to ruling.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall file Plaintiff's motion for a status conference, received August 18, 2008, and shall retain Exhibits I and II with the motion;
2. The Clerk's Office shall return to Plaintiff Exhibit III;
3. Plaintiff shall not submit copies of the discovery he receives (e.g., copies of the documents produced by Defendants) unless it is at issue in a summary judgment proceeding or trial, or the Court requests it; and

///

///

4. Plaintiff's motion for a status conference is DENIED.

IT IS SO ORDERED.

Dated:   **August 21, 2008**          **/s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE