# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>DERRAL G. ADAMS, et al.,<br><br>        Defendants. | CASE NO. 1:05-cv-00124-AWI-SMS PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL (Docs. 66, 69, and 70)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO PROPOUND TWENTY ADDITIONAL INTERROGATORIES (Doc. 68)<br><br>ORDER DENYING MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM (Doc. 72)<br><br>ORDER GRANTING MOTION, AND EXTENDING DISCOVERY DEADLINE ONE-HUNDRED FIVE DAYS (Doc. 67) |

**Order on Plaintiff's Pending Discovery Motions**

Plaintiff Marcus R. Williams is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed October 13, 2006, against Defendants Adams, Hansen, Wan, and Beeler for violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim against Defendants arises out of the alleged denial of adequate outdoor exercise and confinement to a cell for twenty-three and one half to twenty-four hours a day from January 2004 to June 2005 at California Substance Abuse Treatment Facility and State Prison in Corcoran, California.

///

///

1

Pending before the Court are Plaintiff's three motions to compel, motion for an extension of time to serve discovery requests, motion for leave to propound additional interrogatories, and motion for the issuance of a subpoena duces tecum.

## I. Motion to Compel Responses to Interrogatories, Set One

On October 9, 2008, Plaintiff filed a motion to compel responses to his interrogatories, set one. (Doc. 66.) Defendants filed an opposition to the motion on October 27, 2008, and Plaintiff filed a reply on November 10, 2008. (Docs. 71, 74.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(A).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. Ordinarily, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified.

In this instance, however, while there are deficiencies with respect to Plaintiff's motion to compel, the Court also has concerns with Defendants' objections. Given these deficiencies and concerns, the extent of discovery conducting by the parties, and in the interest of conservation of the Court's and the parties' resources, the Court opts to reach the merits of Plaintiff's motion to compel,

to the extent it is able to do so, rather than deny the motion without prejudice to refiling. Although Plaintiff failed to submit the discovery requests and Defendants' responses with his motion, those documents were submitted by Plaintiff with his motion for an extension of time, filed July 22, 2008, and maintained in paper. By separate order, the Clerk's Office will be directed to scan the documents.

### A. Defendant Adams - Interrogatories 3-20

Plaintiff's motion to compel could be clearer as to which interrogatories are the subject of the motion. However, it appears that the interrogatories subject to dispute are listed on page two of Plaintiff's motion to compel (court record page five), and it is those interrogatories the Court addresses. Plaintiff seeks to compel responses to interrogatories 3 through 20, served on Defendant Adams. (Doc. 66, Motion to Compel, court record p. 5:4.)

**ROG 3:** Plaintiff's motion to compel a response is denied. At issue in this action is whether Defendants violated Plaintiff's rights under the Eighth Amendment by failing to provide him adequate outdoor exercise. Plaintiff bears the burden of demonstrating the relevance of Defendant Adam's qualifications, education, special skills, experience, etc. to Plaintiff's claim. Plaintiff has not done so, and the relevance is not readily apparent to the Court.

**ROG 4:** Plaintiff's motion to compel a response is denied. Knowledge of state law regulations is not obviously relevant to Plaintiff's federal denial of exercise claim, and Plaintiff has made no showing to the contrary. Further, this interrogatory inappropriately asks Defendant Adams to engage in speculation on the importance of exercise, fresh air, and sunlight to prisoners' health and well being.[1]

**ROG 5:** Plaintiff's motion to compel a response is denied. The interrogatory is overly broad, vague, and ambiguous, and is not comprehensible as written. To the extent Plaintiff is seeking identification of other rules, regulations, statutes, etc. governing minimum exercise requirements, Plaintiff has made no showing that this information is relevant to his constitutional claim.

---

[1] In any event, in response to a request for admission, Defendant admitted he has read and is familiar with section 3343(h) of Title 15 of the California Code of Regulations, which provides Plaintiff with the same information he sought in this interrogatory. (Doc. 70, Motion to Compel-RFAs, 18:1-16.)

3

**ROG 6:** Plaintiff's motion to compel a response is denied. The relevance of the availability of rehabilitative programs such as job training, education, drug and alcohol counseling, etc. to Plaintiff's denial of exercise claim is not readily apparent to the Court, and Plaintiff has made no showing to the contrary.

**ROG 7:** Plaintiff's motion to compel a response is denied. The differences between 180 and 270 degree prison designs do not appear to be relevant to Plaintiff's claim, and Plaintiff has made no showing to the contrary.

**ROG 8:** Plaintiff's motion to compel a further response is denied. Plaintiff sought the number of main exercise yards on Facility C at CSATF. Although Defendant Adams objected, he provided what appears to be a complete response: two. Plaintiff has proffered no explanation why this response is deficient.

**ROG 9:** Plaintiff's motion to compel a further response is denied. Plaintiff sought the number of mini exercise yards on Facility C at CSATF. Although Defendant Adams objected, he provided what appears to be a complete response: four. Plaintiff has proffered no explanation why the response is deficient.

**ROG 10:** Plaintiff's motion to compel a further response is denied. Plaintiff sought the number of "state of emergency" lockdowns on Facility C at CSATF between January 2004 and February 2005. Although Defendant Adams objected, he provided what appears to be a complete response: none. Plaintiff has proffered no explanation why the response is deficient.

**ROG 11:** Plaintiff's motion to compel a response is denied. Plaintiff sought an explanation of the proper procedures for imposing an emergency lockdown. Plaintiff has provided no explanation as to the relevance of this interrogatory given the previous response stated that the facility was not on emergency lockdown.

**ROG 12:** Plaintiff's motion to compel a response is denied. Plaintiff sought an explanation of what serious incidents would warrant an emergency lockdown. Plaintiff has provided no explanation as to the relevance of this interrogatory.

///

///

**ROG 13:** Plaintiff's motion to compel a further response is denied. Plaintiff asked if Defendant recalled any appeals or letters of complaint submitted to Defendant's office by Plaintiff. Defendant provided a response: he does not recall any appeals or letters filed by Plaintiff.

**ROG 14:** Plaintiff's motion to compel is denied. Plaintiff asked, "With respect to the daily operations of 'C' Facility at CSATF from January 2004 to April 2005 who was responsible for ensuring that the prison programs, services and activities complied with departmental, State and, or Federal Guidelines and Standards to see that minimum requirements of out of the cell exercise were being meet. If any identify and state the name(s), title(s), duties, responsibilities, qualifications, etc., of said individual(s)." This interrogatory is incomprehensible as written, and is compound. Some of the information sought also appears to be irrelevant.

To the extent that Plaintiff is seeking to know who is responsible for ensuring compliance with the minimum out-of-cell exercise requirements set forth in section 3343(h) of Title 15 of the California Code of Regulations, he should simply ask that. Phrasing questions so broadly that they become confusing, convoluted, and compound is does not serve Plaintiff well in the end. Simple and direct questions should be asked.

**ROG 15:** Plaintiff's motion to compel is granted in part. Plaintiff asked, "With respect to the 'C' Facility rotating yard schedule in effect at relevant times to the time frame in question (ie Jan. 04-Apr. 05) who was responsible for writing and implementing that rotating yard schedule. If any, identify and state the title, names, duties, responsibilities, qualifications, etc., of the party(s) so involved."

This interrogatory is compound, and some of the information sought also appears to be irrelevant. However, Defendant's objections are not well-taken overall. Plaintiff claims he was denied adequate outdoor exercise. Who was responsible for yard schedule during this time is clearly relevant. Defendant's unsupported assertion of confidentiality and privacy concerns is unpersuasive. Defendant is ordered to identify by name and title the individual(s) who drafted and/or implemented the exercise yard schedule on Facility C at CSATF during the time period relevant to Plaintiff's claim.

///

**ROG 16:** Plaintiff's motion to compel a response is denied. This interrogatory inappropriately seeks from Defendant an expert opinion on the temporary or permanent effects of isolation on prisoners.

**ROG 17:** Plaintiff's motion to compel a response is denied. Plaintiff seeks to know if modifications or restrictions to programs, services, and/or activities which result in the failure to meet the minimum requirements are used as direct punishment. Even as rephrased by the Court, this interrogatory is confusing and incomprehensible. Further, it is overly broad, and the relevance is not apparent to the Court.

**ROG 18:** Plaintiff's motion to compel a response is denied. This interrogatory seeks to know whether the rotating yard schedule was being used as a form of punishment. The relevance of this interrogatory is not apparent to the Court, and Plaintiff has not shown its relevance.

**ROG 19:** Plaintiff's motion to compel a response is denied. This interrogatory, which seeks the number of complaints on record from January 2004 to April 2005 concerning Facility C programs, services, and activities, is overly broad in that it is not limited to complaints about lack of outdoor exercise. Further, given the nature of the claim at issue in this action, the relevance of other inmate' complaints and grievances is not apparent to the Court, and Plaintiff has made no showing to the contrary.

**ROG 20:** Plaintiff's motion to compel a further response is denied. This interrogatory, which seeks the number of complaints and grievances in Defendant's personnel file that gave rise to legal action, is overly broad in that it is not limited to complaints and grievances about lack of outdoor exercise, and there is no time period limitation. Further, given the nature of the claim at issue in this action, the relevance of other inmate' complaints and grievances is not apparent to the Court, and Plaintiff has made no showing to the contrary.

  **B.**  **<u>Defendant Hansen - Interrogatories 3-15</u>**

Plaintiff seeks to compel responses to interrogatories 3 through 15, served on Defendant Hansen. (Doc. 66, 5:8.)

///

///

**ROG 3:** Plaintiff's motion to compel a response is denied. The Court cannot discern the relevance of Defendant Hansen's qualifications, education, special skills, etc. to Plaintiff's claim, and Plaintiff has not shown the relevance.

**ROG 4:** Plaintiff's motion to compel is denied. The relevance of what type of additional training and education might benefit Defendant in his job duties is not clear.

**ROG 5:** Plaintiff's motion to compel is denied. Knowledge of state law regulations and other provisions is not obviously relevant to this claim, and Plaintiff has made no showing to the contrary. Further, this interrogatory inappropriately and without any parameters asks Defendant Hansen for his "understanding" of section 3343(h) of Title 15.

**ROG 6:** Plaintiff's motion to compel is granted. This interrogatory is not limited to the time period at issue in this action, as it should have been, and is somewhat overly broad as drafted. However, the interrogatory is clearly aimed at finding out Defendant's job duties, and Defendant could have crafted an answer. Defendant's objection that responding calls for an expert opinion is wholly without merit. Defendant is ordered to respond to the following question: describe your job duties and functions during the time period of January 2004 to May 2005 as they related to Facility C at CSTAF.

**ROGs 7 and 8:** Plaintiff's motion to compel is denied. Plaintiff is attempting to discover what Defendant Hansen's duties were, and what, if any, involvement Defendant Hansen had in creating or implementing the exercise yard schedule on Facility C at CSATF during the relevant time period. Despite Defendant's objection to the contrary, this information is relevant. However, as drafted, Plaintiff's questions are overly broad in that no time period is identified. Further, Defendant objects on grounds of unintelligibility. Because Plaintiff failed to make any particularized showing in his motion to compel, the Court must accept that Defendant does not know what Plaintiff means by a rotating schedule on the level four 180 degree C Facility, although the Court does so with reservations.

**ROG 9:** Plaintiff's motion to compel is denied. See Adams ROG 7.

**ROG 10:** Plaintiff seeks the number of main exercise yards on C Facility intended for group activity. Plaintiff asked Defendant Adams how many main exercise yards there were on Facility C,

and he responded that there were two. Plaintiff's interrogatory to Defendant Hansen contains additional verbiage, to its detriment, but the Court nevertheless expresses some puzzlement as to why Defendant Hansen was unable to answer this question at least in part with qualifications. Further, Defendant's objection that the information sought is not relevant is not well-taken given the claim at issue in this action. Nevertheless, Defendant is correct that the question is compound and not limited to a relevant time period. Plaintiff's motion to compel a response is denied. However, as set forth in the following section, Plaintiff will be permitted to serve a limited number of additional interrogatories and has the option of rephrasing this question if he so chooses.

**ROG 11:** The Court has similar concerns about Defendant's response to this interrogatory. Plaintiff is seeking the number of mini or smaller yards, although the question as phrased is convoluted at best. Defendant Adams responded there were four and yet Defendant Hansen is somehow unable to respond at all. This type of inconsistency does not sit well with the Court. However, as written, the interrogatory is vague, confusing, and overly broad, and Plaintiff's motion to compel is denied on that ground.

**ROG 12:** Plaintiff's motion to compel is denied. See Adams ROG 16.

**ROG 13:** Plaintiff's motion to compel is denied. See Adams ROG 20.

**ROG 14:** Plaintiff's motion to compel is denied. The Court cannot discern the relevance of Defendant Hansen's commendations, merits, recommendations, promotions, and training course certifications to Plaintiff's claim, and Plaintiff has not shown the relevance.

**ROG 15:** Plaintiff's motion to compel is denied. Plaintiff is seeking the number of times and the cases in which Hansen has been named as a defendant in lawsuits involving misconduct related to his employment. In addition to being overly broad, Plaintiff has made no showing of relevance to his claim of denial of outdoor exercise.

    **C.**    **Defendant Wan - Interrogatories 3-14**

Plaintiff seeks to compel responses to interrogatories 3 through 14, served on Defendant Wan. (Doc. 66, 5:13.)

**ROG 3:** Plaintiff's motion to compel is denied. See Adams and Hansen ROGs 3.

**ROG 4:** Plaintiff's motion to compel is denied. See Hansen ROG 4.

8

**ROG 5:** Plaintiff's motion to compel is denied. Plaintiff is seeking information relating to section 3343(h) of Title 15, which addresses out-of-cell exercise. As drafted, this interrogatory is overly broad and compound, and is vague and confusing as to "identify and state your understanding" of this regulation. The relevance of this information to Plaintiff's constitutional claim is also unclear.

**ROG 6:** Plaintiff's motion to compel is denied. This request seeks information regarding the rotating yard schedule. However, the question is compound and confusing as drafted. Plaintiff needs to ask one question at a time, and each question must be narrowed to the relevant time period.

**ROG 7:** Plaintiff's motion to compel is denied. Plaintiff asked whether a rotating yard schedule is still in place on Facility C at CSATF, and if not, when and why the changes were made. This question is compound, and Plaintiff has not demonstrated the relevance to his claim that between January 2004 and May 2005, he was denied adequate outdoor exercise.

**ROG 8:** Plaintiff's motion to compel a response is denied. See Adams ROG 7.

**ROG 9:** See Hansen ROG 10. Plaintiff's motion to compel is denied, but with reservations.

**ROG 10:** See Hansen ROG 11. Plaintiff's motion to compel is denied, but with reservations

**ROG 11:** Plaintiff's motion to compel is denied. See Adams ROG 16.

**ROG 12:** Plaintiff's motion to compel is denied. See Adams ROG 20.

**ROG 13:** Plaintiff's motion to compel is denied. See Hansen ROG 14.

**ROG 14:** Plaintiff's motion to compel is denied. See Hansen ROG 15.

D.     **Defendant Beeler - Interrogatories 1-7**

Plaintiff seeks to compel responses to interrogatories 1 through 7, served on Defendant Beeler. (Doc. 66, 5:20.)

**ROG 1:** Plaintiff's motion to compel is granted. Defendant's objections are overruled, and he is ordered to answer how long he has been employed by the California Department of Corrections and Rehabilitation.

**ROG 2:** Plaintiff's motion to compel is denied. See Adams ROG 3.

**ROG 3:** Plaintiff's motion to compel is denied. Defendant answered this question.

**ROG 4:** Plaintiff's motion to compel is denied. See Hansen ROG 4.

**ROG 5:** Plaintiff's motion to compel is denied. Knowledge of state law regulations and other provisions is not obviously relevant to this claim, and Plaintiff has made no showing to the contrary. This interrogatory is compound, and is argumentative, asking Defendant to state why and how he finds it unimportant to be aware of prisoners' basic required needs.

**ROG 6:** Plaintiff's motion to compel is granted in part, and Defendant is ordered to respond to the following inquiry: Do you remember interviewing Plaintiff in the program office on May 12, 2004, at CSATF, Facility C, regarding Plaintiff's inmate appeal grieving the denial of adequate outdoor exercise? Plaintiff's motion to compel is otherwise denied. Plaintiff's interrogatory as drafted is compound, and incomprehensible as to the second and third sentences.

**ROG 7:** Plaintiff's motion to compel is granted in part, and Defendant is ordered to respond to the following inquiry: Referencing your second level response to appeal log number SATF-C-04-01699, dated May 12, 2004 , how did you determine that Facility C inmates were being provided with out-of-cell time that equated to eleven hours per week?

Plaintiff's motion to compel is otherwise denied. Plaintiff's interrogatory as drafted is compound, and incomprehensible.

## II. Motion for Leave to Serve Amended Interrogatories and/or Serve Interrogatories in Excess of Twenty-Five

On October 9, 2008, Plaintiff filed a motion seeking to withdraw or strike his second set of interrogatories because he inadvertently asked duplicative questions, and for leave to serve interrogatories in excess of twenty-five. Defendants oppose the request.

Plaintiff's request to withdraw or strike his second set of interrogatories is denied. Plaintiff propounded the requests and Defendants responded. There is no justifiable basis for relieving Plaintiff of the consequences of having served a set second of interrogatories.

Interrogatories are limited to twenty-five, including subparts, absent leave of court. Fed. R. Civ. P. 33(a)(1). Ordinarily, Plaintiff bears the burden of demonstrating the need for additional interrogatories. See Waterbury v. Scribner, 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, *8 (E.D. Cal. May 8, 2008) (particularized showing required) (citing Archer Daniels Midland Co. v. Aon Serv. Risk, Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. Jun. 7, 1999)); Williams v. County

of Sacramento Sheriff's Dept., No. CIV S-03-2518 FDC DAD P, 2007 WL 587237, *2 (E.D. Cal. Feb. 26, 2007) (plaintiff bears burden of establishing need for additional interrogatories and that information sought is not duplicative). A conclusory assertion that further discovery is needed is not sufficient. However, having had the opportunity to review Defendants' responses and objections to Plaintiff's interrogatories, set one, the Court has some not insignificant concerns over the quality of some of the responses and the merit of some of the objections.

For example, Plaintiff is entitled to seek information on Defendants' job duties and responsibilities during the time period relevant to his claim, and Plaintiff is entitled to inquire into the area of responsibility and implementation of the outdoor exercise yard schedule in place during the time period relevant to his claim. Defendants' objections on the grounds of privacy rights and confidentiality concerns are not well-taken. Further, some Defendants objected to and refused to respond to interrogatories that other Defendants answered (e.g., Adams ROG 9 and Hansen ROG 11 relating to mini exercise yards). This sort of inconsistency does not sit well with the Court. Further, as counsel is surely aware, a bare assertion of privilege does not suffice to claim privilege. Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005). While most of Plaintiff's interrogatories are objectionable and many seek information that does not appear to be relevant, some of Defendants' responses are clearly inadequate and/or suggest that no good faith attempt to answer was made.

In addition, Defendants objected to various questions on the grounds that they have not been identified as expert witnesses and their qualification are not at issue (e.g., Hansen ROG 6, Wan ROG 6, and Beeler ROG 3). That objection is not well-taken given the nature of the claim in this action and that Plaintiff is attempting to determine the defendants' involvement, if any, in scheduling out-of-cell exercise. The information is relevant and does not wander into an area of specialized expertise. The objection is completely indefensible in response to questions such as how long the defendant had been employed by CDCR (e.g., Hansen ROG 1). Defendants are warned that if the Court encounters such ill conceived objections in a subsequent motion to compel, Defendants will face sanctions.

///

1    Plaintiff will be allowed to forty-five days within which to propound additional
2 interrogatories on each of the defendants. Plaintiff is limited to a total of twenty additional
3 interrogatories. Plaintiff may choose to propound five on each of the defendants, twenty on only one
4 of the defendants, or some other division, but the interrogatories, *including subparts*, may not exceed
5 twenty. Plaintiff is cautioned to use the additional interrogatories wisely because leave to propound
6 any additional interrogatories will not be granted. Plaintiff should ask simple, direct questions
7 designed to net the information he wants.

**III.     Motion to Compel Responses to Request for the Production of Documents, Set Two**

On October 20, 2008, Plaintiff filed a motion to compel responses to his request for the production of documents, set two, served on Defendant Adams, and a "Pitchess/Brady Motion." (Doc. 69.) Defendants filed an opposition to the motion on November 6, 2008, and Plaintiff filed a reply on November 24, 2008. (Docs. 73, 76.)

Defendants' objection to Plaintiff's "Pitchess/Brady Motion" is sustained. The motions, which relate to criminal proceedings, are misplaced in this context. See U.S. v. Blanco, 392 F.3d 382, 387 (9th Cir. 2004) (Brady v. Maryland, 373 U.S. 83 (1963) requires the government to provide exculpatory evidence to criminal defendants); People v. Mooc, 26 Cal.4th 1216, 1219-20 (2001) (a Pitchess motion allows a criminal defendant to compel discovery of evidence from arresting officer's personnel file). Plaintiff may serve on Defendants a request for the production of documents from their personnel files, assuming the documents sought are discoverable. If Defendants object to the request, Plaintiff's recourse is to file a motion to compel. If the Court deems it necessary, it will conduct an in camera review of the material and determine what, if anything, must be disclosed. No further motions or proceedings are necessary, and Plaintiff's "Pitchess/Brady Motion" is denied on the ground that it is misplaced in this federal civil action.

Next, Plaintiff seeks responses to document production requests 1 through 5, 7, and 9 through 12.

**POD 1:** Plaintiff seeks a copy of his medical, psychiatric, and central files for the time period of January 2004 to May 2005. Plaintiff's motion to compel is denied. Plaintiff's request is overly broad in that it seeks all documents from this time period and is not narrowed to those documents

relevant to Plaintiff's claims. Further, Plaintiff has not addressed Defendants' contention that the documents are equally accessible to Plaintiff since they are his prison records.

**POD 2:** Plaintiff seeks documents from Defendants' personnel files relating to job performance, merits, reprimands, training, qualifications, promotions, demerits, misconduct, disciplinary history, etc. from January 2002 to January 2007. Plaintiff's motion to compel is denied. This request is overly broad as to time frame and as to misconduct that would be relevant to the claims in this action. Indeed, the relevance of this type of information to Plaintiff's claim he was not provided sufficient exercise is not apparent, and Plaintiff did not demonstrate the relevance in his motion to compel.

**POD 3:** Plaintiff seeks documentation from or relating to meetings between Facility C, CSATF, prison officials and the Men's Advisory Counsel representatives from January 2004 to May 2005. Although Defendants objected, they stated that with a few exceptions, minutes of those meetings were not archived and no longer exist. Defendants stated that of the minutes they were able to locate, they would produce the minutes from meetings held on June 4, 2004, and March 20, 2005, which were the only meetings that related to Plaintiff's claim.

Plaintiff's motion to compel a further response is denied. Plaintiff has not demonstrated that this response is deficient or incomplete, and must accept that no other responsive documents exist, unless he is able to provide evidence, or argument based on fact and not merely suspicion or conjecture, to the contrary.

**POD 4:** Plaintiff seeks documents relating to any state of emergency lockdowns imposed by Defendant Adams and implemented by Defendants Hansen, Wan, and Beeler at CSATF, Facility C, between January 2004 and May 2005. Plaintiff's motion to compel is denied. Although Defendants objected, they responded that there were no state of emergency lockdowns during that time period and no responsive documents exist. Absent evidence to the contrary, which has not been provided to the Court, Plaintiff must accept Defendants' response.

**POD 5:** Plaintiff seeks documentation of any correspondence between Defendants Adams and Hansen, or anyone acting on their behalf, and CDCR headquarters relating to programs, services, and activities on Facility C at CSATF between January 2004 and May 2005. Although Defendants

13

objected, they stated that no responsive documents exist except for Program Status Reports, which were produced, Plaintiff asserts that he was provided with Part B only, and Parts A and C were missing. (Doc. 76, Reply, court record p. 13:12-16.) Plaintiff's motion to compel is granted in part, and Defendant Adams is ordered to address that limited contention in a supplemental response to be served on Plaintiff within thirty days.

**POD 7:** Plaintiff seeks documents relating to grievances and complaints concerning programs, services, and activities on Facility C at CSATF. Plaintiff's motion to compel is denied. The request is overly broad, and the Court fails to see how this information is relevant to Plaintiff's claim that he was not provided with constitutionally adequate outdoor exercise. Absent an offer of proof as to the relevance and how he plans to use the information, Plaintiff is not entitled to a response to this request.

**POD 9:** Plaintiff seeks documents reflecting and comparing incident rates from January 2004 to May 2005 on Facility C at CSATF with other 180 degree design, level IV prisons. Plaintiff's motion to compel is denied. The Court cannot discern the relevance of this information to Plaintiff's claim. Absent an offer of proof as to the relevance and how he plans to use the information, Plaintiff is not entitled to a response to this request.

**POD 10:** Plaintiff seeks documents reflecting and comparing incident rates at 180 degree design, level IV prisons with 270 degree design, level IV prisons from January 2004 to May 2005. Plaintiff's motion to compel is denied. The relevance of this information is not apparent. Absent an offer of proof as to the relevance and how he plans to use the information, Plaintiff is not entitled to a response to this request.

**POD 11:** Plaintiff seeks documents reflecting and comparing incident rates at CDCR maximum security level IV prisons with other state and federal prisons. Plaintiff's motion to compel is denied. How is this information relevant, and subject to use in this case? Absent an offer of proof as to the relevance and how he plans to use the information, Plaintiff is not entitled to a response to this request.

**POD 12:** Plaintiff seeks any and all documents relevant to the subject matter in this action. Plaintiff's motion to compel is denied. This request is overly broad, vague, and ambiguous. A

request for any and all relevant documents is inappropriate, as it fails to describe with reasonable particularity the documents sought. Fed. R. Civ. P. 34(b)(1)(A).

IV. **Motion to Compel Response to Requests for Admission, Set One**

On October 20, 2008, Plaintiff filed a motion to compel responses to his requests for admission, set one. (Doc. 70.) Defendants filed an opposition to the motion on November 6, 2008, and Plaintiff filed a reply on November 24, 2008. (Docs. 73, 76.)

A. **Defendant Adams**

**RFA 2:** Plaintiff's motion to compel is denied. This request is unintelligible as to admit "you are responsible for and in charge of the overall administrative operations and effectiveness of the coordination of the CSATF prison programs, activities and services . . . ." (Doc. 70, Motion to Compel, court record p. 14.)

**RFAs 3 and 4:** Plaintiff's motion to compel is denied. Despite objecting, Defendant denied these requests for admission, and Plaintiff is required to accept those answers.

**RFAs 5, 6, and 7:** Plaintiff's motion to compel is denied. These requests are overly broad and compound, and they seek, as follow-up questions, information that must be obtained via interrogatory.

**RFA 9:** Plaintiff's motion to compel is denied. Absent a showing to the contrary, which Plaintiff has not made, the Court must accept that the question is vague and ambiguous as to "plan of operations." Plaintiff's questions must be drafted with enough precision for Defendant to admit or deny them.

**RFA 10:** Plaintiff's motion to compel is denied. Although Defendant objected, he denied the request to the extent Plaintiff is referencing the yard/dayroom schedule attached to the complaint. Plaintiff has made no showing that "rotating yard schedule" means one thing that is not subject to misunderstanding or misinterpretation, and therefore, the Court must accept Defendant's objection that he is unsure what rotating yard schedule Plaintiff is talking about.

**RFA 14:** Plaintiff's motion to compel is denied. This question is unintelligible as drafted. If Plaintiff seeks an admission that from January 2004 to May 2005, inmates on Facility C at CSATF were on a modified program that resulted in cell confinement for approximately twenty-three ½

hours per day, or an admission that Defendant authorized the modified program in place at CSATF, Facility C, from January 2004 to May 2005, those are the questions he should ask, separately and clearly.

**RFA 15:** Plaintiff's motion to compel is denied. The question is unintelligible as drafted. To the extent Plaintiff is asking Defendant to admit that he had to undergo training and/or pass tests to take the employment position of Acting Warden, the Court cannot the discern the relevance of this question.

### B. Defendant Hansen

**RFA 2:** Plaintiff's motion to compel is denied. See Adams RFA 2.

**RFAs 3 and 4:** Plaintiff's motion to compel is denied. Despite objecting, Defendant did deny these requests for admission, and Plaintiff is required to accept those denials.

**RFA 5:** Plaintiff's motion to compel is denied. These requests are overly broad and compound, and they seek, as follow-up questions, information that must be obtained via interrogatory.

**RFA 7:** Plaintiff's motion to compel is denied. See Adams RFA 9.

**RFA 8:** Plaintiff's motion to compel is denied. Although Defendant objected, he denied the request to the extent Plaintiff is referencing the yard/dayroom schedule attached to the complaint. See Adams RFA 10.

### C. Defendant Wan

**RFAs 5 and 7:** Plaintiff's motion to compel is denied. Despite objecting, Defendant denied number 5, and admitted in part and denied in part number 7. Nothing further is required.

**RFA 8:** Plaintiff's motion to compel is denied. See Adams RFA 15.

### D. Defendant Beeler

**RFA 5:** Plaintiff's motion to compel is denied. Defendant denied this request and Plaintiff is required to accept the answer.

**RFA 6:** Plaintiff's motion to compel is denied. See Adams RFA 9.

**RFA 8:** Plaintiff's motion to compel is denied. See Adams RFA 15.

///

1 | **V.     Motion for Issuance of Subpoena Duces Tecum**

On October 30, 2008, Plaintiff filed a motion seeking the issuance of a subpoena duces tecum commanding the California Department of Corrections and Rehabilitation to produce "reports, analysis, statistics & evaluations on incident rates, prison population rates, recidivism rates, complaints, 602/appeal process, education/vocational/P.I.A. service budgetary expenses." (Doc. 72, p. 2.)

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from non-parties, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents. Fed. R. Civ. P. 34. If Plaintiff wishes to make a request for the issuance of a records subpoena, he may file a motion requesting the issuance of a subpoena duces tecum that (1) identifies with specificity the documents sought and from whom, and (2) makes a showing in the motion that the records are only obtainable through that third party.

In this instance, notwithstanding the procedure just described, Plaintiff's document production request is overly broad and is not limited to information relevant to Plaintiff's claim. In the event Plaintiff is able to show entitlement to the issuance of a subpoena duces tecum, he must narrow his request to relevant documents.

**VI.    Motion for Extension of Discovery Deadline**

On October 9, 2008, Plaintiff filed a motion seeking a twenty-day extension of time to serve an additional discovery request. In light of the current resolution of Plaintiff's pending discovery motions, Plaintiff's request for an extension of time to complete discovery shall be granted. In order to give Plaintiff a reasonable time to draft his final set of discovery requests, Defendants a reasonable time to respond, and Plaintiff a reasonable time to file a motion to compel if necessary, the Court finds that an extension of one-hundred five days is required.

///

///

Plaintiff has already been advised via this order to draft discovery requests that are simple and direct. The overzealous use of legalese and complex questions serves neither lawyers nor laymen well.

## VII. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions to compel, filed October 9, 2008, and October 20, 2008, are GRANTED IN PART and DENIED IN PART as follows:

   a. Plaintiff's motion to compel responses to interrogatories, set one, is GRANTED as to Adams ROG 15, Hansen ROG 6, and Beeler ROGs 1, 6, and 7, and DENIED as to the rest;

   b. Plaintiff's motion to compel responses to his requests for the production of documents is GRANTED as to POD 5 and DENIED as to the rest;

   c. Plaintiff's motion to compel responses to his requests for admission is DENIED;

2. Within **thirty (30) days** from the date of service of this order, Defendants shall serve their responses to Adams ROG 15, Hansen ROG 6, and Beeler ROGs 1, 6, and 7; and a supplemental response to POD 5;

3. Plaintiff's motion to withdraw or strike his second set of interrogatories, filed October 9, 2008, is DENIED, and Plaintiff's motion for leave to serve interrogatories is GRANTED, limited to twenty interrogatories in total;

4. Plaintiff's motion seeking the issuance of a subpoena duces tecum, filed October 30, 2008, is DENIED; and

5. Plaintiff's request for an extension of time for discovery, filed October 9, 2008, is GRANTED, and the discovery deadline is extended **one-hundred five (105) days** from the date of service of this order as follows:

   a. Plaintiff has **forty-five (45) days** from the date of service by mail of this order within which to serve any additional discovery requests, including twenty additional interrogatories;

        b.      Defendants have **thirty (30) days** from the date of service by mail of the discovery requests to serve their responses; and

        c.      Plaintiff has **thirty (30) days** from the date of service by mail of the responses to file a motion to compel, if one is necessary.

IT IS SO ORDERED.

**Dated:   May 1, 2009**                              /s/ **Sandra M. Snyder**
                                                   UNITED STATES MAGISTRATE JUDGE