# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS,<br><br>          Plaintiff,<br><br>    v.<br><br>DERRAL G. ADAMS, et al.,<br><br>          Defendants. | CASE NO. 1:05-cv-00124-AWI-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO HIS THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS<br><br>(Doc. 97) |

**Order on Plaintiff's Motion to Compel**

**I.      Introduction**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Marcus R. Williams, a state prisoner proceeding pro se and in forma pauperis.  This action is proceeding on Plaintiff's second amended complaint, filed October 13, 2006, against Defendants Adams, Hansen, Wan, and Beeler for violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim against Defendants arises out of the alleged denial of adequate outdoor exercise and confinement to a cell for twenty-three and one half to twenty-four hours a day from January 2004 to June 2005 at California Substance Abuse Treatment Facility and State Prison in Corcoran, California.

On May 4, 2009, the Court issued an order granting in part and denying in part Plaintiff's motions to compel, and granting Plaintiff additional time sufficient to propound one final round of discovery and, if necessary, file a motion to compel.  On July 31, 2009, Plaintiff filed a motion to compel further responses to his third request for the production of documents, numbers 13-18 and

20-27. Defendants filed an opposition on August 17, 2009. Plaintiff did not reply, and the motion has been deemed submitted. Local Rule 230(l).

## II. Motion to Compel PODs 13-18 and 20-27

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1).

**POD 13:** Plaintiff seeks memoranda, reports, minute orders, and other documents relating to any communications between Defendants Adams, Hansen, Wan, and Beeler for the purpose of reviewing yard access and outdoor exercise at CSATF, Facility C, between January 2004 and May 2005.

Defendants responded that a diligent search and inquiry was conducted, and all documents described in the request were already produced to Plaintiff. With respect to Plaintiff's argument that Defendants failed to produce subparts D & E, Defendants explained in their opposition to his motion to compel that not every Program Status Report contains all subparts. (Doc. 97, Motion, court record p. 6; Doc. 99, Opp., pp. 7-8.) Defendants identified what each subpart is for and when it is issued.[1] (Opp., pp. 7-8.) Defendants stated that subpart D does not exist, and there were no subparts A, C, or E for the time period requested.[2] (Id.)

Plaintiff's motion to compel is denied. Plaintiff made no showing in his motion to compel that subparts D and E do or should exist for the report he is seeking, and Defendants provided a credible explanation why subparts D and E were not included with the produced reports. Absent

---

[1] Subpart C is generated to update lockdowns, subpart D is generated for statewide lockdowns, and subpart E is generated if the lockdown lasts for more than sixty days.

[2] Defendants also set forth this information in their supplemental response to POD 5, which was at issue in Plaintiff's earlier motions to compel resolved on May 4, 2009. (Doc. 88; Doc. 101, Supp. Douglas Dec.) In light of defense counsel's declaration filed on August 21, 2009, the supplemental response was not served on Plaintiff until August 21, 2009. (Id., Douglas Dec.) The failure to serve the supplemental response appears to have been inadvertent, and the Court notes it for the record only because Plaintiff was without that information at the time he filed the motion to compel at issue in this order and would not have known why not all subparts were produced.

2

evidence to the contrary, which has not been provided, Plaintiff is required to accept Defendants' response that all documents were produced.

**POD 14:** Plaintiff seeks memoranda, reports, minute orders, and other documents relating to any communications between Defendants Adams, Hansen, Wan, and Beeler for the purpose of reviewing the modified program instituted at CSATF, Facility C, between January 2004 and May 2005, as it pertained to out-of-cell exercise.

Defendants responded that a diligent search and inquiry was conducted, and all documents described in the request were already produced to Plaintiff.

Plaintiff argues that only incomplete documents were produced, and cites to missing subparts D and E, and in some instances, C. (Motion, p. 7.) As discussed in POD 13, not all reports contain all subparts, and Defendants explained in their opposition to Plaintiff's motion to compel why subpart D does not exist, and why subparts A, C, and E do not exist for the time period requested. (Opp., pp. 8-9.)

Plaintiff's motion to compel is denied. Plaintiff is required to accept Defendants' response that all responsive documents were produced.

**PODs 15 and 16:** Plaintiff seeks formal complaints filed against Defendants from January 2004 to May 2005 by Plaintiff at CSATF, Facility C, relating to out-of-cell exercise, and formal complaints filed by other inmates from January 2004 to May 2005 at CSATF, Facility C relating to out-of-cell exercise.

At issue is whether, between January 2004 and May 2005, Defendants failed to provide Plaintiff with constitutionally adequate outdoor exercise. In his motion to compel, Plaintiff collapses the two separate requests into one and argues that the complaints will show when Defendants were made aware of the deprivations at issue in this action. (Motion, p. 9.) Plaintiff has not demonstrated the relevance of other inmates' complaints to *his* Eighth Amendment claim, and with respect to complaints filed by Plaintiff, Plaintiff is in possession of the inmate appeal he filed and sets forth no further information regarding other potential complaints. Therefore, the Court finds that Plaintiff has not met his burden in seeking to compel further responses. Plaintiff's motion to compel is denied.

3

**POD 17:** Plaintiff seeks the official state policies for prison staff at CSATF who investigate, review, or respond to inmate appeals (form CDC-602) with respect to the denial of adequate access to the yard, recreation, outdoor exercise, out-of-cell activities, fresh air, direct sunlight, etc. during the time period relevant to the claims in this action.

Defendants responded that a diligent search and inquiry was conducted, and no documents responsive to this request exist.

Plaintiff sets forth no argument as to the deficiency of this response. Plaintiff must accept the response that no such documents exist, and his motion to compel is denied.

**POD 18:** Plaintiff seeks memoranda, reports, minute orders, and other documents relied upon to calculate or determine that Plaintiff was allowed eleven hours of outdoor exercise per week, as represented in the second level response to Plaintiff's inmate appeal.

At issue is Defendant Beeler's response to Plaintiff's appeal, in which Beeler stated that Plaintiff was provided with eleven hours of outdoor exercise per week. Defendants responded that any documents responsive to this request no longer exist. In opposing Plaintiff's motion to compel, Defendants state that they already informed Plaintiff that the figure of eleven hours was erroneously stated by Beeler in the appeal, and that how the calculation was made and which documents were used to make it are unknown. (Opp., pp. 14-15.) Further, Plaintiff was given the Plan of Operations, upon which the opportunity to receive up to eleven hours of out-of-cell exercise per week was based. (Id.)

Although Plaintiff argues that Defendants' response is inconsistent with their responses to his third set of interrogatories, neither the interrogatories nor the responses were provided by Plaintiff. (Motion, p. 11.) Further, Defendants set forth Beeler's response to interrogatory number 8 in their opposition, in which Beeler stated that he cannot determine if or how he made the calculation. (Opp., p. 15.) That response is not inconsistent with Defendants' response to Plaintiff's document production request.

Plaintiff's motion is denied. Plaintiff must accept Defendants' response that no such documents exist, absent evidence to the contrary, which has not been presented.

///

**POD 20:** Plaintiff seeks complaints filed between January 2004 and May 2005 at CSATF, Facility C, which related to extended or excessive lockdowns and which involved any of the defendants as investigators, reviewers, or responders to the complaints.

Plaintiff's argument that Defendants' objections are unjustified is not sufficient to demonstrate the relevance of complaints regarding extended or excessive lockdowns. (Motion, p. 12.) Given that the relevance is not obvious in light of the nature of Plaintiff's legal claim, and that Defendants have represented that complaints are kept by inmate name rather than by date of filing or subject matter, rendering it virtually impossible to respond, the Court finds that any potential benefit from this discovery is greatly outweighed by the burden that would result from its production.[3]  Fed. R. Civ. P. 26((b)(2)(C)(iii). Plaintiff's motion to compel is denied.

**POD 21:** Plaintiff seeks Defendants' job performance reviews during their time of employment at CSATF between January 2004 and May 2005.

Plaintiff's argument that the documents will show whether Defendants' job performance met established state standards, and whether they were negligent or committed misconduct or other administrative malfeasance is unpersuasive. (Motion, p. 14.) Given the nature of the claim in this action - that Defendants violated the Eighth Amendment of the United States Constitution by failing to provide Plaintiff with adequate outdoor exercise - Plaintiff has not demonstrated the relevance of this information and his motion to compel is denied.

**POD 22:** Plaintiff seeks the general duties and responsibilities of the prisoners' advisory council coordinator between January 2004 and May 2005.

In response to the request, Defendants stated that no such documents exist, and in opposition to Plaintiff's motion to compel, Defendants reiterate that no document setting forth the duties and responsibilities of the advisory council coordinator exists. (Opp., pp. 18-19.) Plaintiff's unsupported belief that Defendants are not being forthcoming and that such documents are permanently electronically stored in the ordinary course of business is not evidence that responsive documents

---

[3] Based on the Court's experience, it is not impossible for such complaints to be identified and produced, but the Court accepts Defendants' representation that given how the complaints are tracked, it would be burdensome to do so, and the Court finds that the benefit does not outweigh the burden in light of the information sought and the claims at issue in this action.

1  exists. (Motion, p. 15.) Plaintiff is required to accept Defendants' response, and his motion to
2  compel is denied.
3      **POD 23:** Plaintiff seeks the proposed agenda items from the monthly meetings between
4  prison staff and the prisoners' advisory council between January 2004 and May 2005 at CSATF,
5  Facility C.
6      Defendants responded that all documents still in existence that are responsive to this request
7  were produced. Plaintiff's unsupported belief that Defendants are not being forthcoming and that
8  such documents are permanently electronically stored in the ordinary course of business is not
9  evidence that additional responsive documents exist. (Motion, p. 16.) Plaintiff is required to accept
10 Defendants' response, and his motion to compel is denied.
11     **POD 24:** Plaintiff seeks, for the relevant time period, written responses provided to council
12 members, and general population inmates by extension, indicating what action was taken in response
13 to proposed agenda items relating to programs or modified programs affecting yard access, outdoor
14 exercise, recreation, out-of-cell activity, and lockdowns.
15     Defendants responded that all documents still in existence that are responsive to this request
16 were produced, and state in their opposition that agendas and minutes from Men's Advisory Council
17 meetings are not archived and no longer exist. (Opp., pp. 20-21.) Plaintiff is required to accept this
18 response, and his motion to compel is denied.
19     **POD 25:** Plaintiff seeks the memoranda, reports, minute orders, and other documents
20 electronically stored which reflect the monthly meeting schedule between January 2004 and May
21 2005.
22     Defendants responded that all documents still in existence that are responsive to this request
23 were produced. Plaintiff is required to accept Defendants' response, and his motion to compel is
24 denied.
25     **POD 26:** Plaintiff seeks the reports, records, calendars and other documents electronically
26 stored, other than Part B Program Status Reports, which set forth the exact number of lockdowns
27 instituted at CSATF, Facility C, from January 2004 to May 2005, which resulted in Plaintiff being
28 denied access to the yard, outdoor exercise, etc. on Plaintiff's regularly scheduled yard days.

Defendants responded that all documents still in existence that are responsive to this request were produced, and reassert in their opposition that the only documents that reflect lockdowns are Program Status Reports, and yard and control booth logsbooks, which have been produced. (Opp., pp. 22-23.) Plaintiff is required to accept Defendants' response, and his motion to compel is denied.

**POD 27:** Plaintiff seeking the reports, records, notes, and other documents used to calculate and determine the average amount of outdoor exercise, recreation, or yard Plaintiff received from January 2004 to May 2005 while housed at CSATF, Facility C.

Defendants responded that all documents still in existence that are responsive to this request were produced, and reassert in their opposition that the only documents from which such a calculation may be made are the schedules, Program Status Reports, and yard and control booth logbooks already produced. (Opp., pp. 23-24.) Further, Defendants state they never made such a calculation and may not be required to make one in response to a discovery request.

Plaintiff is required to accept Defendants' response, and his motion to compel is denied.

### III. Conclusion and Order

For the reasons set forth herein, Plaintiff's motion to compel further responses to his third request for the production of documents, filed July 31, 2009, is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated:   **January 14, 2010**             /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE