# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS, | CASE NO. 1:05-cv-00124-AWI-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE ISSUANCE OF A SUBPOENA DUCES TECUM |
| v. | |
| DERRAL G. ADAMS, et al., | (Doc. 93) |
| Defendants. | |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Marcus R. Williams, a state prisoner proceeding pro se and in forma pauperis. This action is proceeding on Plaintiff's second amended complaint, filed October 13, 2006, against Defendants Adams, Hansen, Wan, and Beeler for violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim against Defendants arises out of the alleged denial of adequate outdoor exercise and confinement to a cell for twenty-three and one half to twenty-four hours a day from January 2004 to June 2005 at California Substance Abuse Treatment Facility and State Prison in Corcoran, California.

On May 4, 2009, the Court issued an order denying Plaintiff's motion seeking the issuance of a subpoena duces tecum commanding the California Department of Corrections and Rehabilitation to produce "reports, analysis, statistics & evaluations on incident rates, prison population rates, recidivism rates, complaints, 602/appeal process, education/vocational/P.I.A. service budgetary expenses." (Doc. 88.) In the order, the Court stated

> Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from non-parties, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents. Fed. R. Civ. P. 34. If Plaintiff wishes to make a request for the issuance of a records subpoena, he may file a motion requesting the issuance of a subpoena duces tecum that (1) identifies with specificity the documents sought and from whom, and (2) makes a showing in the motion that the records are only obtainable through that third party.
>
> In this instance, notwithstanding the procedure just described, Plaintiff's document production request is overly broad and is not limited to information relevant to Plaintiff's claim. In the event Plaintiff is able to show entitlement to the issuance of a subpoena duces tecum, he must narrow his request to relevant documents.

(Doc. 88, p. 17.)

On June 24, 2009, Plaintiff renewed his motion for the issuance of a subpoena duces tecum directing the California Department of Corrections and Rehabilitation to produce documents. Plaintiff seeks the following documents: **(1)** all reports, statistics, and evaluations regarding the incident rates for the California Substance Abuse Treatment Facility (CSATF) level four prison compared to the incident rates of the other California level four prisons; **(2)** all reports, statistics, and evaluations identifying the number of administrative 602/appeals filed at CSATF level four prison from January 2004 to May 2005 addressing (a) the denial of adequate yard, outdoor exercise, group activity, fresh air, direct sunlight, and recreation; (b) excessive and extended lockdowns; (c) lack of prison programs, services, and activity; and (d) overcrowding; and **(3)** all reports, statistics, and evaluations identifying the number of complaints filed in a court of law (state or federal) between January 2004 and May 2005 charging California prison officials with allegations of violating protections against cruel and unusual punishment based on (a) the denial of adequate yard, outdoor exercise, group activity, fresh air, direct sunlight, and recreation; (b) excessive and extended lockdowns; (c) lack of prison programs, services, and activity; and (d) overcrowding. (Doc. 93.)

**Request 1:** This request is overly broad and unclear as to what Plaintiff means by "incident rates." Regardless, a comparison of "incident rates" at CSATF versus other level four prisons is not relevant to Plaintiff's claim that between January 2004 and June 2005, the defendants named in this action failed to provide Plaintiff with constitutionally adequate outdoor exercise.

**Request 2:** Plaintiff sought copies of complaints and grievances in his third request for the production of documents, at issue in his motion to compel resolved by separate order. The Court ruled that Defendants are not required to produce the documents because Plaintiff did not demonstrate the relevance. As necessarily follows, the number of administrative complaints filed is not relevant to Plaintiff's legal claim in this action.

**Request 3:** The number of legal complaints filed is not relevant to Plaintiff's claim in this action.

Therefore, Plaintiff's motion for the issuance of a subpoena duces tecum, filed June 24, 2009, is HEREBY DENIED.[1]

IT IS SO ORDERED.

**Dated:   January 14, 2010**               /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] The Court expresses no opinion on the merits of Plaintiff's Public Records Act request. Such a request is not properly brought in this action via a motion for the issuance of a subpoena duces tecum.