# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS, | 1:05-cv-00124-AWI-SMS (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE EITHER A STATEMENT OF HIS DESIRE TO REST ON HIS PREVIOUSLY SUBMITTED OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR TO FILE A SUPPLEMENTAL OPPOSITION |
| vs. | |
| ADAMS, et al, | |
| Defendant(s). | |
| | (Doc. 77 ) |
| _____/ | TWENTY-ONE DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. Section 1983. This action is proceeding on Plaintiff's Second Amended Complaint, filed on October 13, 2006 (Doc. 26 ), against Defendants Adams, Hansen, Wan, and Beeler for denial of exercise in violation of the Eight Amendment (Docs. 27, 34). The Second Informational Order was filed and served on the parties on July 12, 2007. (Doc 38.)

On December 1, 2008, Defendants filed a motion for summary judgment. (Doc. 77.) Plaintiff filed a number of documents in opposition to which Defendants replied. (Docs. 77-84, 109-118, 122-125.)

As explained in the Second Informational Order, Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days. (Doc. 38.) Local Rule 78-230(m). Plaintiff was warned in the July 12, 2007 order that he has a right to

oppose a motion for summary judgment and that to do so, he must show proof of his claims via legal argument and/or submission of contradicting evidence and/or requesting postponement of consideration of the motion based on good reason why facts are not available at the time an opposition is due. (Doc. 38.) Additionally, in light of the recent decision in <u>Woods v. Carey</u>, Nos. 09-15548, 09-16113, 2012 WL 2626912, at *5 (9th Cir. Jul. 6, 2012), an Amended Second Informational Order, issued which once again gave Plaintiff the applicable information and so has been provided with timely "fair notice" of the requirements for opposing a dispositive motion.

It is noteworthy that, despite the lapse of time between filing and service of the July 12, 2007 Second Informational Order and Plaintiff's filing in opposition to Defendants' Motion for Summary Judgment, voluminous documents were submitted for this motion, both supporting and opposing, total nearly 2,000 pages – the larger portion of which were filed by Plaintiff. Thus, it appears that Plaintiff submitted his best efforts to oppose Defendants' motion and the Court is prepared to issue a Findings and Recommendations thereon. However, in order to comply with the <u>Woods v. Carey</u> requirements, Plaintiff is provided additional opportunity to file a supplemental opposition should he so desire.

If Plaintiff files a supplemental opposition, Defendants may file a supplemental reply thereto in accordance with the applicable Local Rules and Federal Rules of Civil Procedure. Any supplemental opposition or reply ***should not*** repeat or resubmit any arguments or evidence that has previously been submitted. As numerous hours have already been expended reviewing the documents submitted by the parties on this matter, the Court will not look kindly on any repetitive submissions, as doing so would only serve to waste scarce Court resources. This opportunity to file supplemental opposition and reply is only to be utilized if there are arguments and/or evidence which have not been previously submitted. Any supplemental opposition or reply which duplicate the arguments and/or evidence previously submitted will subject to being stricken as duplicative.

Accordingly, within **twenty-one (21) days** from the date of service of this order, Plaintiff must file either a supplemental opposition, or a statement of his intent to rest on the documents he has already submitted in opposition to Defendants' motion for summary judgment. If Plaintiff fails to file either of these responses, it will be deemed that he rests on his prior opposition and the matter submitted.

IT IS SO ORDERED.

**Dated:   August 29, 2012**                     **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE