# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS, | CASE NO. 1:05-cv-00124-AWI-SMS PC |
| Plaintiff, | ORDER OVERRULING OBJECTIONS AND DENYING MOTION FOR RECONSIDERATION |
| v. | |
| ADAMS, et al., | (Doc. 142) |
| Defendants. | |

Plaintiff, Marcus R. Williams ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On January 2, 2013, Plaintiff filed a motion for relief from judgment entered based on Defendants' motion for summary judgment being granted. (Doc. 142.) Plaintiff's motion is construed as a request for reconsideration.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of

the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, commission of clear error, or an intervening change of law to support his motion. Plaintiff makes reference to "recent case law which clearly show that CDCR did enter into a contractual agreement to change prison policy" and "said case law (Walker v. Gomez) indicates that CDCR/Defendants (as named) did have access to particular prison policy, regulations, rules, codes, etc, as described and requested by Plaintiff." Doc. 142, 8-9.  The court is not certain which case Plaintiff is referring to.  Possibilities include Walker v. Gomez, 370 F.3d 969 (9th Cir. 2004), Walker v. Gomez, 609 F. Supp. 2d 1149 (S.D. Cal. 2009), and Walker v. Cal. Dep't of Corr., 2012 U.S. Dist. LEXIS 22406 (E.D. Cal. Feb. 21, 2012).  While the Southern District case did involve a settlement agreement, the court is not sure how that settlement would apply in this case.  The language Plaintiff uses suggests that he is not relying on the case for a change in law but rather to show that Defendants have certain documents in their possession that Plaintiff wants access to.  These discovery issues have already been ruled upon.  In fact, Plaintiff repeatedly cites to documents he submitted in opposition to Defendants' motion for summary judgment.  Plaintiff also fails to present any arguments and/or authority to show that this Court erred in granting Defendants' motion for summary judgment, or that any extraordinary circumstances exist so as to justify the relief he seeks.  Neither Plaintiff's disagreement with the Court's ruling, nor his lament over what he now deems to be Defendants' insufficient responses to discovery, are sufficient grounds for reconsideration.

Having carefully considered this matter, the Court finds its Order granting Defendants'

motion for summary judgment and subsequent entry of judgment to be supported by the record and proper analysis.

Accordingly, Plaintiff's motion for relief of judgment, filed January 2, 2013 (Doc. 142), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   February 12, 2013

SENIOR DISTRICT JUDGE